IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RORY L. LUBOLD,

      Plaintiff,                        17cv0507
                                            ELECTRONICALLY FILED
      v.

UNIVERSITY VETERINARY
SPECIALISTS, LLC, ANTHONY HORBAL,
APRYLE HORBAL

      Defendants.

**MEMORANDUM ORDER OF COURT**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint or in the alternative, Motion to Strike portions of the Complaint. Doc. no. 11. Plaintiff filed a Response in Opposition to same. Doc no. 17.

For the reasons set forth more fully herein, the Court will grant, in part, the Motion to Dismiss and will grant the Motion to Strike two paragraphs of the Complaint.

## I. STANDARDS OF REVIEW

### A. Motion to Dismiss – Fed. R.Civ. P. 12(b)(6)

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); see also *Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347,

2

350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**B. Motion to Strike – Fed. R. Civ. P. 12(f)**

Under Fed. R. Civ. P. 12(f), the Court may, on its own or on a timely motion made by either party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Nationwide Mutual Fire Ins. Co*., 788 F.Supp.2d 404, 407 (W.D. Pa. 2011) (citing *McInerney v. Moyer Lumber & Hardware, Inc*., 244 F.Supp.2d 393, 402 (E.D. Pa. 2002).

3

While "a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," a motion to strike is "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Thornton v. UL Enterprise, LLC*, 2010 WL 1004998, *1 (W.D. Pa. Mar. 16, 2010); see *In re Fine Paper Antitrust Litig.*, 751 F.2d 603 (3d Cir. 1985). "Striking some or all of a pleading [] is considered a drastic remedy to be resorted to only when required for the purpose of justice." *Tennis v. Ford Motor Co.*, 730 F.Supp.2d 437, 443 (W.D. Pa 2010).

Motions to strike must be decided on the pleadings alone, and the court should consider the liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation. *Simmons*, 788 F.Supp. at 407.

## II. DISCUSSION

### A. Motion to Dismiss[1]

Plaintiff's Complaint asserts three claims: (1) breach of contract; (2) a violation of Pennsylvania's Wage Payment and Collection Law; and (3) tortious interference with a contract. The Court finds that the Complaint adequately sets forth facts, which, if proven, could support a claim for breach of contract and/or a violation of Pennsylvania's Wage Payment and Collection Law. Accordingly, the Complaint will not be dismissed as to those two claims. However, the facts as pled in the Complaint, do not support a claim for tortious interference with a contract, and therefore, the tortious interference claim will be dismissed.

---

[1] One of Defendants' arguments for dismissal suggested there was not complete diversity of citizenship thereby destroying subject matter jurisdiction. The Court disagrees, noting that Plaintiff's Complaint adequately plead that he resided in Arizona at the time the Complaint was filed. Thus, Defendants' Motion to Dismiss for lack of subject matter jurisdiction shall be denied.

In order to prove tortious interference under Pennsylvania law, Plaintiff must establish: (1) the existence of a contractual, or prospective contractual relationship between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct. *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004) (*quoting Crivelli v. Gen. Motors Corp.*, 215 F.3d 386, 394 (3d Cir. 2000)); *see also*, *Lieberman v. Corporacion Experienca Unica, S.A.*, __F.Supp. 3d ___, No. CV 14-3393, 2016 WL 7450464, at *15 (E.D. Pa. Dec. 27, 2016) (dismissing tortious interference claim for failure to establish facts relevant to the second element – purposeful action on the part of Defendants).

Based on the facts as set forth in the Complaint, the Court finds that there are no factual averments which could legally support the second element of a tortious interference claim and thus, in accordance with F. R. Civ. P. 12(b)(6), this claim is not sustainable.

First, as noted by Defendants in their Brief in Support of their Motion (see doc. no. 12, p. 6-8), there are no allegations that Defendant Apryle Horbal took any "purposeful action specifically intended to harm the existing relation[ship]." Accordingly, she cannot be held liable for tortious interference.

Second, Defendant Apryle Horbal and Defendant Anthony Horbal were, respectively, the President and CEO of Defendant University Veterinary Specialists – the corporate entity with whom Plaintiff entered into an employment contract. Pennsylvania law requires that the tort of malicious interference with a contract involve three parties. *See Daniel Adams Associates, Inc. v. Rimbach Publishing, Inc.*, 519 A.2d 997, 1000 (Pa.Super.1987), *appeal denied*, 517 Pa. 597,

5

535 A.2d 1056 (1987), *and appeal denied*, 517 Pa. 599, 535 A.2d 1057 (1987) (essential to a right of recovery under this section is the existence of a contractual relationship between the plaintiff and a "third person" other than the defendant). *See also, Motise v. Parrish*, 297 Fed. Appx. 149, 152 (3d Cir. 2008) ("[A] party to the contract, may not tortiously interfere with the contract.").

Recently, the Superior Court of Pennsylvania reiterated that "a corporation cannot tortuously [sic] interfere with a contract to which it is a party. Because a corporation acts only through its agents and officers, such agents or officers cannot be regarded as third parties when they are acting in their official capacities." *130 CSC Holdings v. Wiley*, 2013 WL 11253411, at *3 (Pa. Super., Sept. 17, 2013) *citing*, *Nix v. Temple University*, 596 A.2d 1132, 1137 (Pa. Super. 1991) and *Menefee v. Columbia Broadcasting System, Inc.*, 329 A.2d 216 (Pa. 1974).

The Complaint in the instant matter – much like the complaint filed in *130 CSC Holdings* – fails to contain any allegations that the individual Defendants (Apryle Horbal and Anthony Horbal), were acting in their individual capacities, as opposed to acting on behalf of the corporation at the time of Plaintiff's termination. For this reason, Plaintiff's tortious interference with a contract claim set forth in Count III of his Complaint will be dismissed with prejudice in accordance with Fed. R. Civ. P. 12(b)(6).

**B. Motion to Strike**

Defendants' Motion contends that paragraphs 11 and 49 contain immaterial and scandalous matters which are not pertinent to Plaintiff's claims against the Defendants. Plaintiff's Response indicates that the Motion to Strike should not be granted because the allegations go to the credibility of Defendant Anthony Horbal. The Court concurs with Defendants finding these allegations do not relate to either the breach of contract or the Wage

Payment and Collection Law claims which remain in this case, and therefore, the Court will strike paragraphs 11 and 49 of the Complaint.

**III. CONCLUSION**

Based on the foregoing, Motion to Dismiss will be granted in part so as to dismiss, with prejudice, Count III of the Complaint asserting the tortious interference with a contract claim; and, Defendants' Motion to Strike will be granted so as to strike paragraphs 11 and 49 of the Complaint.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

**ORDER OF COURT**

AND NOW this 30th day of June, 2017, the Court GRANTS IN PART Defendants' Motion to Dismiss and ORDERS Count III of the Complaint alleging tortious interference with a contract be dismissed with prejudice for failure to assert a claim in accordance with Fed. R. Civ. P. 12(b)(6).

In addition, the Court GRANTS Defendants' Motion to Strike paragraphs 11 and 49 of the Complaint in accordance with Fed. R. Civ. P. 12(f).

The Court further ORDERS Defendants to file an Answer to paragraphs 1-10, 12-48, and 50-62 of Plaintiff's Complaint on or before July 17, 2017.

> s/Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc: All ECF Registered Counsel of Record